**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION**

| | |
|---|---|
| CHARLES ALLEN, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
|     v. | ) Cause No. 1:21-CV-71 |
| | ) |
| DEXTER AXLE COMPANY, | ) |
| | ) |
|     Defendant. | ) |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff, Charles Allen ("Allen"), by counsel, bring this action against Defendant, Dexter Axle Company ("Defendant"), and shows as follows:

**OVERVIEW**

Allen bring this action brought under Title VII of the Civil Rights Act of 1964 (hereinafter "Title VII"), 42 U.S.C. §2000e, et. seq., as amended, and the Civil Rights Act of 1866 ("Section 1981"). Plaintiff contends he was discriminated and harassed because of his race, African American, in violation of Title VII and Section 1981. Allen also contends he was retaliated against for engaging in statutorily-protected activity.

**PARTIES**

1. Allen resided in the Northern District of Indiana at all times relevant to this action. He was employed by Defendant and was an employee as defined by 42 U.S.C. §2000e(f).

2. At all relevant times Defendant was continuously doing business in the Northern District of Indiana and is an employer as defined by 42 U.S.C. §2000e(b).

## JURISDICTION AND VENUE

3. This Court has jurisdiction over Defendant pursuant to 28 U.S.C. §1331 and 42 U.S.C. §2000e-5(f)(3).

4. Plaintiff satisfied his obligation to exhaust his administrative remedies by timely filing a charge with the U.S. Equal Employment Opportunity Commission (hereinafter "EEOC"), receiving the appropriate *Dismissal and Notice of Suit Rights*, and timely filing this Complaint within ninety (90) days thereof.

5. As all events pertinent to this lawsuit occurred within the Northern District of Indiana, venue in this Court is proper.

## FACTS

6. Defendant hired Allen in or about April 2016 as a Stud Press Operator. Defendant terminated Allen on or about December 5, 2019.

7. Allen was paid $18.95 and worked as many as 20 hours of overtime per week on average.

8. From the commencement of Allen's employment, his workplace was inundated with confederate symbols including flags and bandanas and later belts and socks.

9. Allen complained that he found these symbols racially offensive.

10. Thereafter, Allen was subjected to other racially offensive language and conduct including the use of the word "nigger", seeing 'Heil Hitler!" gestures, and seeing nazi symbols carved in to employee picnic tables.  The words 'white power" were carved in a bathroom stall as well.

11. Allen continued to complain about this behavior throughout 2019.

12. In response, Allen's tires were slashed and his car was 'keyed.'

13. After his complaints, Allen was referred to as "Action Jackson."

14. Human Resource professionals admitted to Allen that Defendant had a race problem in the fall of 2019 during one of the times he brought this behavior to HR's attention.

15. Allen was harmed by Defendant's unlawful conduct.

## LEGAL CLAIMS

## COUNT I:  RACE DISCRIMINATION AND HARASSMENT

16. Allen hereby incorporates by reference paragraphs one (1) through fifteen (15) of this Complaint.

17. Allen was treated differently in the terms and conditions of his employment than non-African American employees.

18. Upon information and belief Defendant acted with intent, malice, and/or reckless disregard as to rights afforded to Allen under Title VII and Section 1981.

19. Allen was subjected to harassment so severe and/or pervasive so as to alter the terms and conditions of his employment.  Allen complained about the harassment but the racially-offensive behavior continued.

20. Allen suffered harm as a result of Defendant's unlawful conduct.

## COUNT II: RETALIATION

21. Allen hereby incorporates by reference paragraphs one (1) through twenty (20) of this Complaint.

22. Allen complained about what he reasonably believed was a hostile work environment because of his race.

23. Defendant retaliated against Allen by terminating his employment.

24. Upon information and belief Defendant acted with intent, malice, and/or reckless disregard as to rights afforded to Allen under Title VII and Section 1981.

19. Allen suffered harm as a result of Defendant's unlawful conduct.

## REQUESTED RELIEF

WHEREFORE, Plaintiff, Charles Allen, respectfully requests the following:

a) An Order finding Defendant liable for back wages in an amount to make Plaintiff whole;

b) An Order finding Defendant liable for compensatory damages in an amount to make Plaintiff whole;

c) An Order awarding Plaintiff punitive damages as a penalty for Defendant's intentional, unlawful conduct;

d) An Order awarding Plaintiff the costs of this action;

e) An Order awarding Plaintiff his attorneys' fees;

f) An Order awarding Plaintiff pre- and post-judgment interest at the highest rates allowed by law; and

g) An Order granting such other and further relief as may be necessary and appropriate.

Respectfully submitted,

s/ Christopher S. Wolcott
Christopher S. Wolcott (#23259-32)
The Wolcott Law Firm LLC
450 East 96th Street, Suite 500
Indianapolis, Indiana 46240
Telephone:   (317) 500-0700
Facsimile:   (317) 732-1196
E-Mail:   indy2buck@hotmail.com

Attorney for Plaintiff

## JURY TRIAL DEMAND

Plaintiff demands a trial by jury on all issues deemed triable.

                Respectfully submitted,

                s/ Christopher S. Wolcott
                Christopher S. Wolcott (#23259-32)
                The Wolcott Law Firm LLC
                450 East 96th Street, Suite 500
                Indianapolis, Indiana 46240
                Telephone:   (317) 500-0700
                Facsimile:    (317) 732-1196
                E-Mail:  indy2buck@hotmail.com

                Attorney for Plaintiff